**Hakiem JOHNSON, Appellant**

v.

**UNITED STATES of America.**

No. 07–4706.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Feb. 14, 2008.

Filed: Feb. 21, 2008.

Hakiem Johnson, Philadelphia, PA, pro
se.

Richard A. Lloret, Esq., Robert A.
Zauzmer, Esq., Office of United States
Attorney, Philadelphia, PA, for Appellee.

Before: SLOVITER, FISHER and
HARDIMAN, Circuit Judges.

OPINION

PER CURIAM.

Hakiem Johnson appeals, pro se, from
the District Court's denial of his habeas
corpus petition. We will summarily af-
firm. *See* LAR 27.4; I.O.P. 10.6.

I.

Johnson is a defendant in a complex
criminal case currently pending before the
District Court. (*See United States v.
Coles, et al.,* E.D. Pa.Crim. No. 04–cr–
00440.) He is represented by court-ap-
pointed counsel. It appears that the in-
dictments charged Johnson and twenty-
one co-defendants with numerous offenses
related to an alleged drug conspiracy.
The District Court has conducted suppres-
sion hearings in the criminal case, and
Johnson's jury trial is currently scheduled
to begin in April 2008.

On August 31, 2007, Johnson filed a pro
se petition pursuant to 28 U.S.C. § 2241.
He requested the dismissal of the indict-
ment against him and his release from pre-
trial custody on such grounds as prosecu-
torial misconduct and perjury by police
officers and federal agents with respect to
a search warrant's affidavit of probable
cause. Johnson also filed a motion to
amend his habeas petition, in which he
reiterated his allegations regarding the af-
fidavit and also referred to alleged viola-
tions of his rights under the Speedy Trial
Act and the Double Jeopardy Clause. On
November 8, 2007, the District Court de-
nied Johnson's petition as frivolous.

II.

The District Court committed no error
in denying Johnson's pre-trial habeas peti-
tion.[1] We find that Johnson's claims of
misconduct and perjury failed to implicate
the legality of his pre-trial custody for
purposes of § 2241. As opposed to chal-
lenging the validity of the detention order
authorizing his incarceration pending the
outcome of his criminal trial, Johnson in
essence raised Fourth Amendment issues,
which are generally addressed in the con-
text of motions to suppress. Johnson ap-
parently attempted to construct the fol-
lowing chain connecting the Fourth
Amendment issues with his current custo-

---

1. We have jurisdiction under 28 U.S.C.    § 1291.

dy: (1) the affidavit of probable cause contained lies and misrepresentations (which have been reiterated during the course of the criminal case); (2) the search warrant was issued based on the affidavit; (3) the search resulted in his arrest; and (4) his arrest led to his current incarceration and prosecution. Similarly, he argued that "he is not in custody pursuant to an act of congress [but pursuant] to an act of perjury committed by the [Assistant United States Attorney] and [law enforcement personnel]." (Mem. of Law at 2.) Nevertheless, his conclusory assertions are insufficient to establish the necessary nexus between the alleged misconduct and the legality of his current custody. *See Brown v. Lundgren*, 528 F.2d 1050, 1054 (5th Cir.1976) ("There must be a sufficient nexus between the allegedly [illegal] action and the legality of his custody for habeas corpus to lie.").

Furthermore, Johnson is a represented defendant in a current criminal case. A criminal defendant would generally be expected to raise Fourth Amendment, speedy trial, and double jeopardy claims in a counseled motion in the criminal case itself. As the District Court noted, suppression hearings have been held in Johnson's criminal case. Furthermore, Johnson himself is represented by counsel. *Cf. United States v. Essig*, 10 F.3d 968, 973 (3d Cir.1993) (stating that district court has no obligation to act on pro se filings by party represented by counsel). Johnson's case is scheduled to be heard by a jury, which will render a decision as to whether he is guilty or not guilty of the charges against him. If found guilty, Johnson will then have an opportunity to file a direct appeal to this Court from his conviction and sentence. He then may file a post-conviction motion under 28 U.S.C. § 2255 if his direct appeal is unsuccessful.

## III.

For the foregoing reasons, Johnson's appeal fails to present a substantial question on appeal, and we will summarily affirm the District Court's order. *See* LAR 27.4; I.O.P. 10.6.